[No. F020284. Fifth Dist. Aug. 23, 1994.]

In re JAMES BURNETT JONES on Habeas Corpus.

**[Opinion certified for partial publication.\*]**

*See footnote, *post*, page 1034.

**COUNSEL**

Bradley A. Bristow, under appointment by the Court of Appeal, for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe, Jane N. Kirkland and Janet E. Neeley, Deputy Attorneys General, for Respondent.

**OPINION**

**HARRIS, J.—**

STATEMENT OF THE CASE*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

PROCEDURAL HISTORY

Petitioner James Jones was charged by an amended information with committing the following offenses in Kern County: counts I and V, burglary;

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of Statement of the Case and parts II and III.

counts II and VI, receiving stolen property; count III, possession of a firearm by a felon; and count IV, possession of a short-barreled rifle. The amended information, People v. Jones (Super. Ct. Kern County No. 44127), also alleged that as to the counts of which he was ultimately convicted, petitioner had suffered the following five prior felony convictions and served prison terms within the meaning of Penal Code section 667.5, subdivision (b):[2]

(1)    November 2, 1972, convicted of residential burglary in Uvalde County, Texas (Tex. No. 4584);

(2)    March 1, 1967, convicted of burglary in Roosevelt County, New Mexico (N.M. No. 2565);

(3)    September 12, 1967, convicted of burglary in Roosevelt County, New Mexico (N.M. No. 2571);

(4)    February 17, 1978, convicted of first degree burglary in Los Angeles; and

(5)    August 12, 1982, convicted of robbery in Los Angeles.

The matter of the enhancements was bifurcated and a jury trial was held on the charged offenses. Petitioner was found guilty of count III, possession of a firearm by a felon; count IV, possession of a short-barreled rifle; and count VI, receiving stolen property. He was found not guilty of counts I and V, residential burglary, and the jury was unable to reach a verdict on count II, receiving stolen property.

At the bifurcated bench trial on the truth of the enhancements, the prosecution introduced documents supporting the New Mexico and Texas convictions, in addition to documentation of his criminal record in California. Since the instant petition limits its challenge to the validity of the enhancements imposed for the New Mexico and Texas prior prison terms, the evidence introduced in support of the California prior prison terms will not be addressed.

A.   *Evidence of the New Mexico prior convictions and prison term*

Petitioner was convicted by jury of burglary on March 1, 1967, in Portales, Roosevelt County, New Mexico (N.M. No. 2565), and sentenced to one to five years in state prison. On September 12, 1967, apparently while already imprisoned in No. 2565, petitioner pleaded guilty to another burglary

---

[2]All statutory references will be to the Penal Code unless otherwise indicated. Section 667.5, subdivision (b) will hereafter be referred to as section 667.5(b).

in Roosevelt County, New Mexico (N.M. No. 2571), and was sentenced to one to five years, with the sentence to run concurrently to the term already being served on the previous burglary conviction. In each case, petitioner was charged and convicted with violating New Mexico Code section 40A-16-3, burglary.

At trial, the prosecution introduced the following exhibits, without objection, to establish the New Mexico convictions and service of a prior prison term.

(1) A certified copy of the judgment and sentence in New Mexico No. 2571, filed on September 12, 1967, stating that petitioner pleaded guilty to the charge in the information on August 29, 1967, and was sentenced to one to five years in the state penitentiary, to be served concurrently with the sentence he was already serving there.

(2) A certified copy of the order of commitment to the penitentiary in No. 2571, dated September 12, 1967, commanding the sheriff to deliver petitioner to the penitentiary at Santa Fe, New Mexico, and stating the conviction was for the unauthorized entry of the Del Webb Jewelry Company of Portales, New Mexico, with the intent to commit theft therein, contrary to the provisions of New Mexico Code section 40A-16-3, for not less than one nor more than five years to run concurrently with the term he was already serving.

(3) A certified copy of the judgment and sentence from Roosevelt County, New Mexico, in No. 2565, dated March 1, 1967, stating that after a jury verdict of guilty petitioner was sentenced to one to five years in the New Mexico State Penitentiary.

(4) A certified copy of the order of commitment to the penitentiary in No. 2565, dated March 1, 1967, commanding the sheriff to deliver petitioner to the penitentiary at Santa Fe, New Mexico, stating that the conviction was for the crime of unauthorized entry of the Herbert Lumber Company with intent to commit theft therein contrary to the provisions of section 40A-16-3, and was to serve the term of one to five years.

(5) Certified copies of fingerprint cards of petitioner made at the New Mexico state penitentiary on March 2, 1967, and September 16, 1967, and two booking photos dated March 2, 1967.

The prosecution also introduced the probation officer's report in the underlying Kern County No. 44127, which states that petitioner was convicted on September 12, 1967, for burglary in Portales, New Mexico, and

sent to prison, and that he was convicted on March 1, 1967, for burglary in Roosevelt County, New Mexico, sent to prison, and paroled on March 10, 1970.

In addition, the prosecution introduced a certified copy of a CLETS rap sheet, dated January 24, 1991, from the Kern County Sheriff's Department, stating that petitioner was imprisoned in the New Mexico State Penitentiary at Santa Fe on March 2, 1967, for burglary for a term of one to five years, and paroled on March 10, 1970.[3] The rap sheet also states that petitioner was imprisoned at Santa Fe, New Mexico, on September 16, 1967, for a term of one to five years to be served concurrently with the term already being served at the New Mexico State Penitentiary, and that he was paroled on March 10, 1970.

B.  *Evidence of the Texas Conviction*

The prosecution introduced the following evidence to prove the conviction and service of a prior prison term for petitioner's conviction on September 18, 1973, in Uvalde County, Texas, for burglary:

(1)   A certified copy of the sentencing order dated September 18, 1973, in Uvalde County, Texas, for No. 4584, stating that petitioner had been found guilty of burglary and sentenced by a jury to not less than two nor more than four years in the state penitentiary.

(2)   A certified copy of an order to the jury in No. 4584, dated September 18, 1973, to fix the punishment for count II of the indictment, with a sentence range of two to twelve years.

(3)   A certified copy of the jury verdict in No. 4584 assessing punishment at four years in the state penitentiary.

(4)   A guilty plea and jury waiver in No. 4584, in Uvalde County, Texas, dated November 2, 1972, stating that petitioner pleaded guilty to the offense of burglary of a private residence at night, and that he be punished in the state penitentiary for a term of 10 years. This document was signed by the judge on November 13, 1972.

(5)   An indictment in Uvalde County, Texas, entitled "OFFENSE. [¶] Burglary of Private Residence at Night" in No. 4584. The indictment charged that on August 16, 1972, petitioner "did then and there unlawfully

---

[3] "CLETS" stands for California Law Enforcement Telecommunications System. (*People* v. *Dunlap* (1993) 18 Cal.App.4th 1468, 1471 [23 Cal.Rptr.2d 204].)

break and enter a house then and there occupied and controlled by Maxine Horton Lee, . . . with intent then and there to fraudulently take therefrom corporeal personal property" without consent.

(6)   A judgment of guilty and assessment of sentence by the jury of four years in the state penitentiary, dated September 18, 1973.

The prosecution additionally introduced the CLETS rap sheet reflecting that petitioner was imprisoned on October 2, 1973, for burglary in Texas, for a term of two to four years, and discharged on November 4, 1974.

The prosecution introduced photocopies of the relevant New Mexico and Texas statutes, and requested the court to take judicial notice of the documents to reflect that the out-of-state felonies would also be felonies in California. The court took judicial notice of the statutes and entered them in the record. Defense counsel did not object to the introduction or sufficiency of the evidence of the New Mexico and Texas convictions and prison terms.

After reviewing the exhibits, the trial court found to be true the enhancement allegations that petitioner was convicted on March 1, 1967, and September 12, 1967, in Roosevelt County, New Mexico, of burglary, and received a concurrent term of one to five years for both offenses within the meaning of section 667.5(b); that petitioner was convicted on September 18, 1973, in Uvalde County, Texas, and received a four-year term; and that he had served prior prison terms for those offenses. The court ordered the information amended to conform to proof as to the date of the Texas prior. The court additionally found the allegations of the California prior convictions and prison terms to be true.

At the subsequent sentencing hearing, defense counsel pointed out that the amended complaint had alleged five section 667.5(b) enhancements, but the court had treated the two New Mexico convictions as one enhancement because petitioner served a concurrent term for both offenses. The court agreed that there were only four enhancements per section 667.5(b) because petitioner served one term in New Mexico, which represented a concurrent sentence for the two burglary offenses. Thus, petitioner received a one-year term pursuant to section 667.5(b) for the two New Mexico allegations.

The court sentenced petitioner to a total term of ten years four months in state prison, which included four consectuive one-year terms for the section 667.5(b) enhancements.

*Appeal No.* F015515

Petitioner filed a notice of appeal (No. F015515) and appellate counsel William Romaine was appointed through the Central California Appellate

Program (CCAP). Prior to the filing of appellant's opening brief, appellate counsel requested augmentation of the appellate record to include jury instructions requested but not given, which consisted of the relevant New Mexico and Texas criminal burglary statutes. This court granted the augmentation motion on July 16, 1991.

On October 1, 1991, appellant's opening brief was filed. The section 667.5(b) enhancements were not challenged.

On October 4, 1991, appellate counsel requested further augmentation of the appellate record to include all documents in the clerk's transcript relating to the sentence enhancements for his prior incarcerations. On October 10, 1991, this court granted the augmentation motion. Respondent's brief was filed on December 3, 1991. Appellant's reply brief was filed on December 30, 1991, but did not address the validity of the enhancements.

During the pendency of the appeal, appellate counsel advised this court of his intention to further augment the record and challenge the enhancements, but he failed to do so in a timely manner.

On July 31, 1992, this court filed the opinion affirming petitioner's conviction (*People* v. *Jones* F015515 [nonpub. opn.].).

*Petition for Writ of Habeas Corpus*

On September 20, 1993, petitioner filed the instant petition for writ of habeas corpus with this court (No. F020284). The petition is supported by a declaration from Bradley Bristow of CCAP, who had supervised Mr. Romaine. Bristow asserted that he continually urged appellate counsel to augment the record and examine the evidence in support of the out-of-state enhancements but the issues had not been raised. Following this court's opinion affirming petitioner's conviction, Mr. Bristow communicated with petitioner, suggested that he file a habeas corpus petition and offered to assist him. Petitioner agreed, and Mr. Bristow prepared the aforementioned petition on his behalf.

The petition is also supported by exhibits consisting of certified copies of documents establishing the New Mexico and Texas prior convictions which were introduced at trial, and the CLETS data sheets which were also introduced at trial. Petitioner requests this court to take judicial notice of the entire docket, record and transcript from the underlying appellate No. F015515, the relevant New Mexico and Texas statutes attached therein, and the attached trial exhibits. The request is granted.

The petition alleges that appellate counsel was ineffective for failing to challenge the validity of the section 667.5(b) enhancements imposed for the New Mexico and Texas prior prison terms. First, petitioner asserts a section 667.5(b) enhancement can only be imposed if the out-of-state offense, as defined by that state's statute, meets all of the elements as defined under California law pursuant to the "least adjudicated elements" test of *People* v. *Crowson* (1983) 33 Cal.3d 623 [190 Cal.Rptr. 165, 660 P.2d 389]. Petitioner points to the text of the New Mexico and Texas burglary statutes in comparison to section 459, and argues that there are substantial differences between the offenses so that the out-of-state burglary convictions would not have been felonies in California. Petitioner acknowledges that *People* v. *Guerrero* (1988) 44 Cal.3d 343 [243 Cal.Rptr. 688, 748 P.2d 1150] permits the trial court to look to the record of the prior convictions to determine if the defendant's conduct was felonious in California for a section 667 enhancement, but argues that *Guerrero* has not overruled *Crowson* because the cases involved two different statutes,

In the alternative, petitioner contends that a review of his conduct in the New Mexico burglary convictions still does not qualify the offenses as California felonies. Petitioner argues that there is nothing in the record to reflect that either the lumber or jewelry company incidents involved a store or enclosed building as defined by section 459.

The Attorney General asserts that pursuant to *People* v. *Guerrero, supra,* 44 Cal.3d 323, the trial court is entitled to look to the record of the prior convictions to determine if the defendant's conduct constituted a felony under California law. In Texas, petitioner was convicted of residential burglary, which would also be a felony in California. Respondent argues that both New Mexico incidents involved enclosed structures within the meaning of section 459 based on the nature of the businesses.

On April 8, 1994, this court issued an order to show cause.

Given this procedural history, we now turn to the issues raised by the instant petition.

DISCUSSION

I.

*Section 667.5(b) Enhancements*

■ A criminal defendant is entitled to effective assistance of counsel on appeal, and such a claim is cognizable in a habeas corpus proceeding.

(*People* v. *Valenzuela* (1985) 175 Cal.App.3d 381, 388 [222 Cal.Rptr. 405].) Appellate counsel has the duty to brief all arguable issues. (*In re Smith* (1970) 3 Cal.3d 192, 197 [90 Cal.Rptr. 1, 474 P.2d 969]; *People* v. *Feggans* (1967) 67 Cal.2d 444, 447-448 [62 Cal.Rptr. 419, 432 P.2d 21].) The question of ineffective assistance of appellate counsel must be decided on a case-by-case basis and will depend on whether counsel failed to raise assignments of error that were crucial in the context of the particular circumstances at hand. The inexcusable failure to raise crucial assignments of error deprives petitioner of the effective assistance of appellate counsel. (*In re Smith*, *supra*, 3 Cal.3d at pp. 202-203.)

Petitioner argues that appellate counsel was ineffective for failing to challenge the enhancements because the evidence does not support the section 667.5(b) enhancements imposed for the prior prison terms served for the New Mexico and Texas burglary convictions. The narrow question concerns the manner in which a trial court may determine if an out-of-state conviction would have been a felony in California for purposes of section 667.5(b): (a) whether the court is restricted to simply comparing the operative foreign statute under which the defendant was convicted to the corresponding California offense to determine if the least adjudicated elements establish the out-of-state conviction as a felony in California, or (b) whether the court may look beyond the statutory definition to the defendant's conduct, and determine if such conduct constitutes a felony in California.

We start with section 667.5, which authorizes enhancement of sentence if defendant (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five years of both prison custody and the commission of a new offense resulting in a felony conviction. (*People* v. *Tenner* (1993) 6 Cal.4th 559, 563 [24 Cal.Rptr.2d 840, 862 P.2d 840].) Subdivision (a) provides for enhancements where one of the new offenses is a violent felony specified in subdivision (c), and the prior prison term was for conviction of a violent felony specified in subdivision (c). Subdivision (b) states: "Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." Subdivision (f) addresses out-of-state prior convictions and states: "A prior

conviction of a felony shall include a conviction in another jurisdiction for an offense which, if committed in California, is punishable by imprisonment in the state prison if the defendant served one year or more in prison for the offense in the other jurisdiction. A prior conviction of a particular felony shall include a conviction in another jurisdiction for an offense which includes all of the elements of the particular felony as defined under California law if the defendant served one year or more in prison for the offense in the other jurisdiction."

## A. *Crowson*, *Guerrero* and *Myers*

In *People* v. *Crowson, supra*, 33 Cal.3d 623, the Supreme Court enunciated the "least adjudicated elements" rule in evaluating the evidence in support of a section 667.5(b) enhancement for a prior out-of-state conviction. The trial court imposed the enhancement pursuant to section 667.5(b) after concluding that defendant's federal conspiracy conviction qualified as a prior conviction within the meaning of section 667.5, subdivision (f). Defendant argued that the prior conviction was not a felony in California because commission of an overt act required for a California conspiracy conviction was not required under the federal conspiracy law. The People argued that even though federal law did not require an overt act, the indictment had contained two overt act allegations which defendant admitted in his guilty plea to the federal offense. *Crowson* thus framed the issue: "Thus, we are faced directly with the question whether the difference in the basic elements of the foreign and California crimes precludes enhancement under section 667.5, subdivision (f)." (33 Cal.3d at p. 632.) "In light of the language of section 667.5, subdivision (f) and past authorities interpreting a related statute, we conclude that enhancement is only permissible when the elements of the foreign crime, as defined by that jurisdiction's statutory or common law, include all of the elements of the California felony." (*Ibid.*)

*Crowson* focused on the language of section 667.5, subdivision (f) which states, " 'A prior conviction of a particular felony shall include a conviction in another jurisdiction *for an offense which includes all of the elements of the particular felony as defined under California law* . . . .' " (§ 667.5, subd. (f), quoted with italics in *People* v. *Crowson, supra*, 33 Cal.3d at p. 633.)

"As the emphasized language indicates, the statute authorizes enhancement for a foreign conviction only when the conviction is 'for *an offense which includes all of the elements*' of the California felony. As used in other portions of section 667.5, the term 'offense' quite clearly refers to a specific crime *as defined by law*, and not simply to the actual conduct of the defendant. It is, of course, generally 'presumed, in the absence of anything in

the statute to the contrary, that a repeated phrase or word in a statute is used in the same sense throughout. [Citations.]' *(People v. Hernandez* (1981) 30 Cal.3d 462, 468 . . . .) Although this 'presumption' of consistent usage will give way in the face of an apparent contrary legislative intent . . . , we can find nothing to suggest that the Legislature did not intend the relevant comparison to be between the elements of the foreign and California 'offenses,' as defined by the applicable statutory or common law." *(People v. Crowson, supra*, 33 Cal.3d at p. 633, fn. omitted.) *Crowson* found support for this interpretation of section 667.5, subdivision (f) in *In re Finley* (1968) 68 Cal.2d 389 [66 Cal.Rptr. 733, 438 P.2d 381] and *In re McVickers* (1946) 29 Cal.2d 264 [176 P.2d 40]. *Finley* and *McVickers* interpreted similar language in section 668 (former § 664) in determining whether a foreign conviction could be used as the basis for increased punishment under the then-existing habitual criminal law. ". . . *'The least adjudicated elements of the prior conviction* remain the same whether it is questioned in the trial court at the time of the determination of habitual criminality or on habeas corpus after such determination becomes final. *Neither the People nor the defendant can go behind those adjudicated elements in an attempt to show that he committed a greater, lesser, or different offense.* [Citations.]' " *(People v. Crowson, supra*, 33 Cal.3d at p. 634, quoting with italics *In re Finley, supra*, 68 Cal.2d at pp. 392-393.) *Crowson* concluded that the Legislature intended the "least adjudicated elements" rule to similarly govern section 667.5 enhancements because it explicitly incorporated an elements-of-the-offense standard in section 667.5, subdivision (f). *(People v. Crowson, supra*, 33 Cal.3d at p. 634.)

*Crowson* rejected the People's argument that the elements of the federal offense should not be decisive because defendant pleaded guilty to an offense which alleged two overt acts. "But if, as we have concluded, proof of an overt act was not a required element of the federal offense, the allegations to which the People refer were entirely immaterial surplusage, and defendant would have had no reason or incentive to contest them in the federal proceeding. In general, the doctrine of collateral estoppel regards as conclusively determined only those issues *actually* and *necessarily* litigated in the prior proceeding [citations] and the United States Supreme Court has noted that a guilty plea is simply an admission of 'all the elements of a formal criminal charge.' [Citation.] If proof of an overt act was not required to sustain a conviction under the federal statute, neither a guilty verdict after a jury trial nor a plea of guilty may accurately be viewed as establishing that such an act occurred, regardless of the allegations of the charging pleading. . . ." (33 Cal.3d at p. 634.)

In *People v. Jackson* (1985) 37 Cal.3d 826 [210 Cal.Rptr. 623, 694 P.2d 736], the Supreme Court applied *Crowson* to a section 667, subdivision (a)

"serious felony" enhancement. Defendant pled guilty to burglary, admitted that it involved entry into a residence and further admitted a prior conviction for "residential burglary." Section 667, subdivision (d) defines "serious felony" by reference to section 1192.7, subdivision (c) which, at that time, listed 25 items including "burglary of a residence" as serious felonies. However, "burglary of a residence" was not a specific crime. On appeal, defendant argued the section 667 enhancement applied only to persons convicted of the specific crime of burglary of a residence, and that no such crime existed.

*Jackson* rejected defendant's argument and held that while some provisions in section 1192.7 described specific crimes, others described conduct that did not correspond precisely to the elements of any existing offense. The court construed such provisions "as referring not to specific criminal offenses, but to the criminal conduct described therein, and applicable whenever the prosecution pleads and proves that conduct." (*People* v. *Jackson*, *supra*, 37 Cal.3d at p. 832.)

Defendant also argued that his admission was not sufficient to prove the prior crime involved burglary of a residence. The judgment of conviction only showed a conviction for second degree burglary, and entry into a residence was not an essential element of second degree burglary. Defendant relied on *Crowson* and argued that the court could not go beyond the defined elements of the crime to determine the nature of his conduct. (37 Cal.3d at p. 833.)

*Jackson* reaffirmed *Crowson* and concluded that it established two relevant propositions: "(1) that proof of a prior conviction establishes only the minimum elements of the crime, even if the charging pleading contained additional, superfluous allegations; and (2) that the prosecution cannot go behind the record of the conviction and relitigate the circumstances of the offense to prove some fact which was not an element of the crime." (37 Cal.3d at p. 834.) *Jackson* concluded that proof of such prior conduct, not encompassed by the elements necessarily adjudicated by the judgment, "would raise serious problems akin to double jeopardy and denial of speedy trial." (37 Cal.3d at p. 836.) "With respect to a . . . burglary conviction . . . which antedates Proposition 8, proof of the residential character of the burglary encounters obstacles. The record of a conviction for second degree burglary would not prove entry into a residence, even if the pleadings included superfluous allegations to that effect. [Citation.] Moreover, the People could not go behind that record to prove a fact which was not then an element of the crime. [Citations.]" (*Ibid.*, fn. omitted.) *Jackson* ultimately upheld defendant's enhancement because he admitted the prior burglary

included entry into a residence: "There is no rule . . . which bars the defendant from admitting that a prior burglary involved entry into a residence, even if the prosecution is unable to prove the allegation." (*Ibid.*; see also *People* v. *Alfaro* (1986) 42 Cal.3d 627 [230 Cal.Rptr. 129, 724 P.2d 1154].)

Then Associate Justice Lucas dissented in *Jackson* and *Alfaro* and urged the court to reconsider *Crowson*'s proscription against "going behind" the elements of the prior offense to prove specifics of defendant's conduct. (*People* v. *Jackson, supra,* 37 Cal.3d at pp. 839-840.)

In *People* v. *Guerrero, supra,* 44 Cal.3d 343 the Supreme Court reconsidered the proof required to establish a prior conviction as a "serious felony" within the meaning of sections 667 and 1192.7, subdivision (c). *Guerrero* held that the trier of fact could look to the entire record of the conviction to determine the truth of the enhancement. *Guerrero* reviewed the language of section 667, subdivision (a), which provides in relevant part: "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. . . ."

"[V]irtually all the 'serious felonies' listed in section 1192.7(c) are in fact felonies specifically defined in the Penal Code. . . . But in the case of 'burglary of a residence,' the matter is different: there is no offense specifically so defined in the Penal Code. The term, however, is not empty." (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 346.) The court cited with approval *Jackson*'s analysis that burglary of a residence was indeed a serious felony within section 667. The question remained, however, as to "what may the trier of fact look in determining whether the defendant suffered a prior conviction for 'burglary of a residence'?" (44 Cal.3d at p. 348.)

*Guerrero* answered the question by looking to the source of the conclusions reached in the previous cases: *Alfaro* relied on *Jackson, Jackson* in turn relied on *Crowson,* which discussed enhancements under section 667.5(b), and *Crowson* relied on the *Finley, McVickers,* and *In re Seeley* (1946) 29 Cal.2d 294 [176 P.2d 24] line of cases addressing the "least adjudicated elements" rule. (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 348.) *Guerrero* carefully reviewed *Finley, McVickers,* and *Seeley,* and pointed out that the three cases enunciated the rule in a less restrictive manner than stated by *Crowson.* (*People* v. *Guerrero, supra,* 44 Cal.3d at pp. 348-355.) The trier of

fact must look to the least adjudicated elements of the foreign conviction *only* when the record fails to disclose the facts surrounding the prior out-of-state conviction:

". . . [T]he *Finley* court plainly recognized and applied the rule laid down in *McVickers* and followed in *Seeley*: i.e., the court may look to the entire record of the conviction to determine the substance of the prior foreign conviction; but when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law.

"After careful reconsideration, we believe that the *McVickers-Seeley-Finley* line of cases does not support the holding of the *Alfaro* majority that ultimately rests thereon. Indeed, far from establishing that proof of the substance of a prior conviction is limited to matters necessarily established by the prior judgment of conviction, those cases declare that the court may look to the entire record of the conviction for this purpose.

"Further, we believe that the *McVickers-Seeley-Finley* line of cases supports the following rule for use in the context of section 667 enhancements: in determining the truth of a prior-conviction allegation, the trier of fact may look to the entire record of the conviction." (*People* v. *Guerrero, supra,* 44 Cal.3d at pp. 354-355.) *Guerrero* deemed such a rule "fair and reasonable" to promote the efficient administration of justice and further the evident intent of the people in establishing an enhancement for "burglary of a residence," which refers to conduct and not a specific crime. (44 Cal.3d at p. 355.) "To allow the trier to look to the record of the conviction—*but no further*—is also fair: it effectively bars the prosecution from relitigating the circumstances of a crime committed years ago and thereby threatening the defendant with harm akin to double jeopardy and denial of speedy trial." (*Ibid.*)

*Guerrero* rejected the argument that the court was bound to follow *Alfaro,* and characterized *Alfaro* as a " 'patently erroneous' " case due for reconsideration. (44 Cal.3d at p. 356.) *Guerrero* thus overruled *Alfaro* and adopted "the rule set forth above to govern adjudication of the truth of section 667 prior-conviction allegations." (*Ibid.*)

In the wake of *Guerrero,* several districts have presumed, in dicta, that *Crowson* and the "least adjudicated elements" rule for section 667.5(b) enhancements were similarly overruled. These cases, however, were limited to addressing the validity of section 667 enhancements. (See *People* v. *Johnson* (1991) 233 Cal.App.3d 1541, 1547-1548 [285 Cal.Rptr. 394]; *People* v. *McMahan* (1992) 3 Cal.App.4th 740, 743-745 [4 Cal.Rptr.2d 708]; *People* v. *Hayes* (1992) 6 Cal.App.4th 616, 622-624 [7 Cal.Rptr.2d 866].)

The Supreme Court returned to this issue once more in *People* v. *Myers* (1993) 5 Cal.4th 1193 [22 Cal.Rptr.2d 911, 858 P.2d 301], and applied *Guerrero* to a section 667, subdivision (a) enhancement for prior out-of-state felony convictions. The appellate court had held that *Crowson* still controlled review of section 667 enhancements for foreign convictions. *Myers* held that "application of *Crowson* to the section 667(a) enhancement would be inconsistent with the intent of the electorate which adopted section 667 in 1982 as part of the initiative measure denominated Proposition 8, 'The Victims' Bill of Rights.' Just as it may do when the prior conviction was suffered in California . . . , the trier of fact may consider the entire record of the proceedings leading to imposition of judgment on the prior conviction to determine whether the offense of which the defendant was previously convicted involved conduct which satisfies all of the elements of the comparable California serious felony offense." (*People* v. *Myers*, *supra*, 5 Cal.4th at p. 1195.)

*Myers* rejected defendant's argument that the wording of section 667 is so similar to that of section 667.5, subdivision (f) that the electorate necessarily intended that the least adjudicated elements of the offense defined by the foreign statute also govern the section 667, subdivision (a) enhancement. The court held that *Guerrero* "better reflects the intent underlying section 667(a) insofar as this provision applies to foreign convictions." (5 Cal.4th at p. 1199.) *Myers* relied in part on the interrelationship between section 667 and its definition of serious felonies by reference to the broad categories within section 1192.7.

"Were we to construe the descriptive language of section 667(a)—'any offense committed in another jurisdiction which includes all of the elements of any serious felony'—as suggested by the Court of Appeal, the result would be inconsistent with the intent of the electorate. That intent is to impose the term enhancement whenever the prior conviction includes all of the elements of a California serious felony or involves the conduct described in paragraphs (18) or (24) of subdivision (c), of section 1192.7. No distinction is made between California and foreign offenses. Section 667(a) establishes the minimum elements of a foreign offense. That offense must include all of the elements of the comparable California serious felony. But, by incorporating the definition of serious felony found in section 1192.7 into section 667(a), subdivision (d) of section 667 expanded the categories of qualifying felonies to include not only the listed offenses when the elements of the corresponding California serious felonies are present, but also prior offenses, in California or elsewhere, in which the defendant's conduct while committing the prior felony is conduct described in paragraphs (18) and (24) of subdivision (c) of section 1192.7." (*People* v. *Myers*, *supra*, 5 Cal.4th at p.

1201.) *Myers* concluded that the trier of fact must be permitted to go beyond the least adjudicated elements of the offense, to implement the purpose of the electorate in incorporating paragraphs (18) and (24) of section 1192.7 into section 667, subdivision (a), "and to consider, if not precluded by the rules of evidence or other statutory limitation, evidence found within the entire record of the foreign conviction." (5 Cal.4th at p. 1201.)

*Guerrero* and *Myers* lead to several conclusions. ■ First, *Alfaro* and *Jackson* have clearly been overruled to the extent that the trier of fact may look to the entire record of the conviction, rather than the least adjudicated elements, to determine the substance of the conviction as a California felony for proof of a section 667 enhancement, regardless of whether the prior is a California or an out-of-state conviction. Second, *Crowson*'s analysis of the *McVickers-Finley-Seeley* line of cases, relied on by *Jackson* and *Alfaro*, has been expressly·disapproved by the Supreme Court as " 'patently errone-ous.' " (*People* v. *Guerrero, supra,* 44 Cal.3d at p. 356.) The trier of fact may presume that the prior conviction was for the least offense punishable under foreign law only when the record does not disclose any of the facts of the offense actually committed. (*People* v. *Guerrero, supra,* 44 Cal.3d at pp. 354-355.) Third, the incorporation of section 1192.7's "serious felony" definition within section 667, which includes offenses not specifically de-fined by the Penal Code, implies the electorate's intent that the trier of fact must be permitted to go beyond the least adjudicated elements of the offense and consider the evidence found within the record of the out-of-state con-viction. (*People* v. *Myers, supra,* 5 Cal.4th at p. 1201.)

We will conclude that *Guerrero* and *Myers* have impliedly overruled *Crowson* as to consideration of whether a prior out-of-state felony conviction qualifies as an enhancement under section 667.5(b) and section 667.5, subdivision (f). *Guerrero* and *Myers* destroyed any reliance on *McVickers-Finley-Seeley* for the "least adjudicated elements" rule as the first line of review of an enhancement. Instead, the Supreme Court has clarified that "the court may look to the entire record of the conviction to determine the substance of the prior foreign conviction; but when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law." (*People* v. *Guerrero, supra,* 44 Cal.3d at pp. 354-355.)

The only potential distinction is that *Guerrero* and *Myers* limited their holdings to review of section 667 enhancements, and the implication from that statute's reference to section 1192.7. *Myers* distinguished between the language of section 667 and section 667.5(b) based on its rejection of defendant's argument "that the wording of section 667 is so similar to that of

section 667.5, subdivision (f) that the electorate necessarily intended that the least adjudicated elements of the offense defined by the foreign statute also govern the section 667(a) enhancement." (*People* v. *Myers, supra*, 5 Cal.4th at p. 1199.) Defendant claimed that the similarity in language required adherence to *Crowson* for section 667 enhancements. *Myers* reached back to the history of section 667's enactment by Proposition 8 and concluded that such an interpretation was contrary to the electorate's intent. (5 Cal.4th at p. 1201.) In contrast, section 667.5, subdivision (f) was enacted by the Legislature effective July 1, 1977. (See Historical Note, 49 West's Ann. Cal. Codes, § 667.5, pp. 668-669.)

The Supreme Court has made it clear, however, that the broad mandate of Proposition 8, concerning the use of prior felony convictions "without limitation" for enhancement purposes, necessarily includes section 667.5 "prior prison term" enhancements even though the statute was enacted prior to the passage of the constitutional amendment. Proposition 8 added article I, section 28, subdivision (f) to the state Constitution, which mandates: "*Any prior felony conviction* of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used *without limitation* for purposes of impeachment or *enhancement* of sentence in any criminal proceeding. When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court." (Italics added.)

In *People* v. *Prather* (1990) 50 Cal.3d 428 [267 Cal.Rptr. 605, 787 P.2d 1012], the court addressed whether prior prison term enhancements under section 667.5(b) are subject to the double-the-base-term rule of section 1170.1, subdivision (g). The court started the analysis by reviewing its earlier holding in *People* v. *Jackson, supra*, 37 Cal.3d 826, where it determined that section 667, subdivision (a)'s enhancement for prior serious felony convictions, which was also enacted by Proposition 8, was impliedly excluded from the double-the-base-term limitation of section 1170.1, subdivision (g). Although noting that the "without limitation" language of section 28, subdivision (f) of the Constitution was "uncertain," *Jackson* still concluded that, as a matter of statutory interpretation, and in order to give full effect to the apparent intent of the drafters of section 667, subdivision (a), section 1170.1, subdivision (g) must be read as if it contained an exception for prior serious felony enhancements. *Jackson* reasoned that the failure to amend the double-the-base-term rule to except such enhancements was a "draftsman's oversight." (*People* v. *Jackson, supra*, 37 Cal.3d at p. 838, fn. 15.)

In *Prather*, however, the court found this aspect of *Jackson* inapplicable to the determination of whether the Legislature intended to exclude section

667.5(b) prior prison term enhancements from the double-the-base-term rule. "The Legislature's failure to include section 667.5(b) enhancements within the list of exceptions contained in section 1170.1(g) does not appear to be the result of a mere 'draftsman's oversight,' nor can we discern any clear legislative intent to exclude such enhancements from the double-base-term limitation. On the contrary, the Legislature's recent addition of several exceptions to section 1170.1(g) suggests that it may have intended no similar exclusion for section 667.5(b). [Citation.] Consequently, the question presented here cannot be resolved by statutory construction as in *Jackson*." (*People* v. *Prather, supra*, 50 Cal.3d at pp. 433-434.)

*Prather* next turned to the question of whether article I, section 28, subdivision (f) of the California Constitution, as enacted by Proposition 8, *constitutionally* prohibits restricting the use of enhancements based on prior felony convictions. The Supreme Court had previously observed that the changes enacted by Proposition 8 were aimed at " 'achieving *more severe punishment for, and more effective deterrence of, criminal acts.*' " (*People* v. *Prather, supra*, 50 Cal.3d at p. 435.)

"This general concern with increased punishment and effective deterrence was to be furthered in part by increasing the total period of imprisonment for recidivist offenders. The above conclusion is apparent not only from the voters' enactment of the 'without limitation' language in article I, section 28, subdivision (f), but also from the initiative's simultaneous adoption of section 667, which imposes a mandatory five-year enhancement for each prior 'serious felony' conviction. Exempting section 667.5(b) sentence enhancements from application of section 1170.1(g) accords with this intent to increase punishment for repeat offenders." (50 Cal.3d at pp. 435-436, fn. omitted.) *Prather* held that the enactment of article I, section 28, subdivision (f) of the California Constitution, " 'was an unambiguous expression of the electorate's intent to supersede the twice the base term rule as it applied to [prior felony] enhancements.' " (50 Cal.3d at p. 436.)

"Both the language and history of article I, section 28, subdivision (f), suggest it was intended not only to increase the length of sentences served by recidivist offenders *generally*, but also *specifically* to abrogate (with respect to prior-felony-conviction enhancements) statutory 'limitations on overall length of sentences.' Section 1170.1(g) provides such a 'limitation': It expressly precludes application of an otherwise valid prior felony sentence enhancement *solely because it would extend the total length of incarceration beyond certain specified limits*." (50 Cal.3d at p. 436, italics in original.) To hold that section 667.5(b) enhancements remain subject to the double-the-base-term limitation, notwithstanding the language and history of section 28,

subdivision (f), "would ignore the purpose of that constitutional provision and thwart the intent of the voters and framers of Proposition 8." (50 Cal.3d at p. 437.)

*Prather* concluded that section 667.5(b) prior prison term enhancements are "prior felony conviction" enhancements within the meaning of article I, section 28, subdivision (f) of the California Constitution. "We think it clear that section 667.5(b) is aimed primarily at the underlying felony conviction, and only secondarily, and as an indicium of the felony's seriousness, at the prior prison term. . . . *Accordingly, we hold that the broad mandate of article I, section 28, subdivision (f), concerning the use of any 'prior felony conviction[s]' for enhancement purposes, necessarily includes the lesser category of enhancements based on prior felony convictions for which imprisonment was imposed.*" (50 Cal.3d at p. 440, italics added; see also *People v. McClanahan* (1992) 3 Cal.4th 860, 871 [12 Cal.Rptr.2d 719, 838 P.2d 241].)

The Supreme Court has thus held that section 667.5(b) enhancements are within the broad umbrella of article I, section 28, subdivision (f) of the California Constitution, even though the "prior prison term" enhancement statute was enacted prior to the passage of Proposition 8. We conclude that *Myers*' analysis of *Crowson* and Proposition 8 similarly applies to foreign enhancements imposed pursuant to section 667.5(b) and subdivision (f).

In addition, the reasoning of *Guerrero* and *Myers* can equally be applied to section 667.5, subdivision (f). First, *Crowson* concluded that the statute authorizes enhancement for a foreign conviction only when that conviction is for "*an offense which includes all of the elements*" of the California felony. (*People v. Crowson, supra,* 33 Cal.3d at p. 633.) *Crowson* relied on this phrase to conclude that the term "offense" as used in section 667.5 quite clearly referred to a specific crime "*as defined by law*" instead of the actual conduct of the defendant. *Crowson*'s interpretation is inconsistent with the reasoning behind *Guerrero* and *Myers*. *Guerrero* and *Myers* (and even *Jackson*) placed great stock in the fact that section 667 defined "serious felony" by reference to section 1192.5, which in turn listed an offense not specifically defined by the Penal Code, "burglary of a residence." By comparison, section 667.5, subdivision (a) permits an enhancement for service of a prior prison term where "one of the new *offenses* is one of the *violent felonies*" and "where the prior was one of the violent felonies" specified in subdivision (c). (Italics added.) Section 667.5, subdivision (c) lists 17 offenses as "violent felonies." These refer to specific statutory offenses defined in the Penal Code (e.g., "Rape as defined in paragraph (2) of subdivision (a) of Section 261" (§ 667.5, subd. (c)(3)), in addition to "*[a]ny felony* punishable by death or imprisonment in the state prison for life" (§ 667.5, subd. (c)(7), italics

added), and "[a]ttempted murder" (§ 667.5, subd. (c)(12)), offenses not specifically defined. Section 667.5, subdivision (a) similarly encompasses crimes which are not statutorily defined in the Penal Code as "offenses" which qualify for enhancement. It was this type of analysis that led *Guerrero* to disavow *Crowson*'s interpretation of *McVickers*.

Having concluded that *Crowson* is no longer viable, we turn to the entire record of the prior convictions and prison terms to determine if the section 667.5(b) enhancements were validly imposed.

### B. *Validity of the New Mexico and Texas Prior Prison Term Enhancements.*

As discussed above, the trial court found it to be true that petitioner was convicted in New Mexico of burglary of a lumber company in March 1967 and of a jewelry company in September 1967, and imposed *one enhancement* because he served one concurrent prison term for both offenses. The corresponding California offense is section 459, which states: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel . . . , railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach . . . , any house car . . . , inhabited camper . . . , vehicle as defined by the Vehicle Code, when the doors are locked, aircraft . . . , or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary. As used in this chapter, 'inhabited' means currently being used for dwelling purposes, whether occupied or not. A house, trailer, vessel designed for habitation, or portion of a building is currently being used for dwelling purposes if, at the time of the burglary, it was not occupied solely because a natural or other disaster caused the occupants to leave the premises." Under *Guerrero* and *Myers*, the issue is whether a jewelry company and a lumber company are within the enumerated enclosures listed in section 459. Petitioner was charged with entry of a jewelry company with intent to commit theft therein, which implies that he entered a confined structure. While petitioner was charged in similar language with burglary of the lumber company, the very nature of the lumber business presents the possibility that petitioner did not enter a shop, warehouse, mill, barn or other type of building since most lumber is stored in an open area, and the record fails to clarify the nature of petitioner's conduct. (Cf. *People* v. *Brooks* (1982) 133 Cal.App.3d 200 [183 Cal.Rptr. 773].) In contrast, the jewelry business is of such nature as to be conducted in a confined, secured structure.

Since the sentencing court imposed one enhancement for both New Mexico priors, the defect in the lumber company offense does not require

reversal of the New Mexico enhancement. The record clearly reflects that petitioner served over one year in prison for the jewelry company burglary, and this term supports the single section 667.5(b) enhancement and does not require modification of the sentence.

As for the Texas enhancement, the trial and petition exhibits clearly reflect that petitioner was convicted of burglary of a private residence at night. Residential burglary is a felonious offense under section 459. Thus, the evidence similarly supports the enhancement imposed for this prior prison term.

As for petitioner's ineffective assistance claim, appellate counsel's failure to challenge the section 667.5(b) enhancements was not prejudicial. While the allegation of burglary of a lumber company in New Mexico as a section 667.5(b) enhancement is not supported by the evidence, the trial court imposed a single one-year section 667.5(b) enhancement for the two New Mexico prior prison terms, and petitioner served over one year in prison for the jewelry company burglary. Both the New Mexico and Texas enhancements are supported by the evidence.

II., III*

· · · · · · · · · · · · · · · · · · · · · · · · · ·

DISPOSITION

The petition for writ of habeas corpus is denied.

Martin, Acting P. J., and Vartabedian, J., concurred.

A petition for a rehearing was denied September 20, 1994, and petitioner's application for review by the Supreme Court was denied November 17, 1994.

---

*See footnote, *ante*, page 1034.