Filed 7/18/16  P. v. Contreras CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS ENRIQUE CONTRERAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B269403<br>(Super. Ct. No. 2014027011)<br>(Ventura County) |

Appellant Luis Enrique Contreras was charged with four counts of first degree residential burglary (Pen. Code, § 459),[1] two counts of child endangerment (§ 273a, subd. (b)), and one count each of assault with intent to commit sexual assault during a burglary (§ 220, subd. (b)) and forcible lewd act upon a child (§ 288, subd. (b)(1)) with allegations that an occupant was present during each of the burglaries (§ 667.5, subd. (c)(21)) and he committed forcible lewd act upon a child during the commission of a burglary (§ 667.61, subd. (e)(2)).  Contreras brought an unsuccessful *Marsden* motion.[2]  Subsequently, he pled guilty to all but the assault count, which was

---

[1] All further statutory references are to the Penal Code.

[2] (*People v. Marsden* (1970) 2 Cal.3d 118.)

dismissed.  He was sentenced to prison for an indeterminate term of 25 years to life with 539 days of presentence custody credit.

On four separate occasions, Contreras entered residences.  In one, he fondled an eleven-year-old girl who was asleep in her bed.  In the others, he fled after the residents woke up and screamed.

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  On May 11, 2016, we notified Contreras that he had 30 days in which to advise us of any claims he wished us to consider.  He submitted a 10-page letter brief and a one-page declaration.

Contreras contends that his plea deal was made under duress and that trial counsel "failed to do any investigation whatsoever into the plea deal."  The record is to the contrary.  During the *Marsden* hearing, he told the trial court that he did not want to go to trial and that he had asked defense counsel to broker a plea agreement with the prosecution.  Although the prosecution would not agree to less than a life term,  defense counsel eventually reached an agreement to reduce one count from assault with intent to commit sexual assault during a burglary to child endangerment.  At the plea colloquy, Contreras stated that he was entering into the agreement freely and voluntarily, and that no one had threatened, pressured, or forced him to plead guilty.

Contreras also contends that trial counsel was constitutionally ineffective by failing to challenge his plea deal and investigate whether he was properly advised of his *Miranda* rights.[3]  Such a claim is more appropriately brought in a habeas proceeding when, as here, the appellate record on direct appeal is insufficient to evaluate it.  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)  We cannot consider Contreras' declaration because "it is well settled in California that on direct appeal from a judgment, a reviewing court will not consider matters outside the record."  (*People v. Ringgold* (1970) 13 Cal.App.3d 711, 717.)

---

[3] (*Miranda v. Arizona* (1966) 384 U.S. 436.)

Having examined the entire record, counsel's *Wende* brief and Contreras' letter brief, we are satisfied appointed counsel has fully complied with his responsibilities and that no arguable issues exist.[4] (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


YEGAN, Acting P. J.


TANGEMAN, J.

---

[4] Contreras also contends that he received ineffective assistance of appellate counsel because appellate counsel failed to raise the issues discussed above. Because there are no arguable issues in the record, his contention necessarily fails. (See *In re Jones* (1994) 27 Cal.App.4th 1032, 1041 ["Appellate counsel has the duty to brief all arguable issues"].)

Ryan Wright, Judge

Superior Court County of Ventura
_____


California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, under appointment by the Court of Appeal; Luis Enrique Contreras, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.