[Crim. No. 15554. Fourth Dist., Div. One. Aug. 9, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD CHARLES WHIGAM, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Certified for publication with the exception of sections I and II.

**COUNSEL**

Handy Horiye, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, A. Wells Petersen and Deborah D. Factor, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WIENER, J.**—A jury convicted Edward Charles Whigam of robbing Warren Fossum and Charlotte Moore. (Pen. Code, § 211.)[2] The court found Whigam had been convicted previously of receiving stolen property, a felony for which he had served a prior prison term within the meaning of section 667.5, subdivision (b). It also found Whigam had been convicted of a prior robbery, a serious felony under section 667, subdivision (a) and section 1192.7, subdivision (c)(19). Whigam was sentenced to prison for

---

[2] All statutory references are to the Penal Code unless otherwise specified.

ten years: the midterm of three years for robbing Fossum; a consecutive one-year term for robbing Moore; a one-year enhancement for the prison term served for receiving stolen property (§ 667.5, subd. (b)); plus five years for the earlier serious felony of robbery. (§ 667, subd. (a).) We reject Whigam's challenge to the judgment of convictions based on alleged instructional errors and insufficiency of the evidence. We decide, however, that the double-the-base-term limitation of section 1170.1, subdivision (g) was not eliminated in Proposition 8 by article I, section 28, subdivision (f) of the California Constitution. We also conclude the court has discretion to strike or stay the imposition of sentence under section 667, subdivision (a). Accordingly, we remand for resentencing in a manner consistent with this opinion.

*Factual Background*

About 2 a.m. on October 5, 1982, in downtown San Diego Warren Fossum was approached by a prostitute. He declined her invitation to have some fun. She put her hand on his shoulder, turned him around and repeated her invitation. He again said "no" and pushed her away. She responded by hitting him, knocking off his glasses.

Almost immediately, Whigam grabbed Fossum around his chest and arms and knocked him to the ground. A man in the crowd told Whigam to stop. As the scuffle continued, the man reached out and grabbed at Fossum's wallet which contained $150 to $200. After several attempts, the man caused the wallet to fall to the ground. He picked it up. Whigam then stopped hitting Fossum, joined the man and the two men walked away together. A bystander, Gregory Haywood, followed.

Cab driver Michael Marguet heard the two men say "I did the job," "It's mine" and "We'll split [the money]." He watched as they divided the loot.

Haywood found the wallet on the sidewalk. He took the wallet to Whigam's employer where he was detained for questioning. Police officer G. Lamont Calloway testified Haywood told him he was with Whigam and another man before the incident. Whigam had said: "Watch this. I'm going to take this dude's wallet. He's got a wad of money." Haywood said Whigam then beat up Fossum and took his money.

On that same morning, about 6 a.m., Charlotte Moore was playing a video game at an arcade near the scene of the Fossum robbery. She felt something in her purse. She saw a black man with his hand in her purse. The man took some items, including a memo pad, billfold, cigarette case and lighter, and then ran away. Moore chased him. As he ran, the man

threw down Moore's memo pad and later her billfold. Moore stopped to pick up her billfold and watched as the man kept running.

Moore called the police. Officers Janice McGill and Warren Nolan arrived within minutes. After Moore gave McGill a description of the man, McGill saw a man matching the description come around the corner. That man was Whigam. Moore positively identified Whigam as the robber by the distinctive clothes he was wearing, his general build and his color. Two witnesses also identified Whigam as the robber. When arrested, Whigam had a pouch containing $142, change and a lighter similar to the one taken from Moore.

I*

. . . . . . . . . . . . . . . . . . . . . .

III

Whigam directs his sentencing arguments to the enhancements.

A

Whigam first contends section 654[6] precludes enhancements under both section 667, subdivision (a),[7] and section 667.5, subdivision (b).[8] The court sentenced Whigam under section 667.5, subdivision (b), to an additional one year for having served a prior prison term for receiving stolen property, and to an additional five years under section 667, subdivision (a), for an earlier robbery conviction, a serious felony. (§§ 667, subd. (c); 1192.7, subd. (c)(19).) The procedural background of these earlier felonies is as follows.

---

*See footnote 1, *ante*, page 1161.

[6]Section 654 provides in pertinent part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ."

[7]Section 667, subdivision (a), provides: "(a) Any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

[8]Section 667.5, subdivision (b), provides: "(b) Except where subdivision (a) applies, where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction."

On April 3, 1980, Whigam was convicted of robbery. He was placed on probation for three years on the condition he serve one year in local custody. After his release, Whigam was convicted of receiving stolen property. Both cases were consolidated for sentencing. On August 5, 1981, the court revoked his probation for the robbery and sentenced him to prison for three years with appropriate credits for time served. The court also imposed a concurrent term of two years for receiving stolen property.

Whigam asks us to focus on his single period of prison incarceration for both the robbery *and* his receiving stolen property conviction. He argues his "prior separate prison term" under section 667.5, subdivision (b) (see fn. 8, *ante*) necessarily included the time served on his 1980 robbery conviction. (See § 667.5, subd. (g).)[9] Therefore, since he received a five-year enhancement for that conviction as a serious felony under section 667, subdivision (a), section 654 precludes imposition of an additional enhancement under section 667.5, subdivision (b), for a prior prison term based in part on that same conviction.

■ The flaw in Whigam's argument is that it completely ignores his conviction for receiving stolen property. That offense was the catalyst for Whigam's probation revocation and the court's imposition of sentence on his 1980 robbery conviction. Whigam would not have gone to prison in 1981 had he not committed his new offense. Consequently, Whigam's "prior separate prison term" under section 667.5, subdivision (b) is attributable to his receiving stolen property offense, not to his 1980 robbery conviction. The fact the court used the robbery conviction for the base term and sentenced concurrently for the receiving stolen property offense does not change the causal relationship between that offense and Whigam's imprisonment. The additional fact Whigam was on probation when he committed his new offense should not mitigate against the imposition of the prior prison term enhancement. To hold otherwise would in effect give Whigam a free enhancing pass for his imprisonment due to his felony of receiving stolen property.

The illogic of Whigam's argument is reflected by the following. Had Whigam been initially imprisoned for robbery and then committed the felony of receiving stolen property after fully serving his term, he would not now be able to argue that his prior prison term for receiving stolen property

---

[9] Section 667.5, subdivision (g) provides: "(g) A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after an escape from incarceration."

was tied to the robbery. Under such circumstances the lack of relationship between Whigam's prior prison term and his 1980 robbery conviction would be clear. Seen in this light Whigam seems to be exercising the "Chutzpah" principle,[10] asking for preferential treatment because he committed the offense of receiving stolen property while on probation for robbery. In a similar context, the California Supreme Court in *In re Kelly* (1983) 33 Cal.3d 267 [188 Cal.Rptr. 447, 655 P.2d 1282] rejected the "Chutzpah" principle by making it clear that the purpose of section 667.5 to deter recidivism is implemented by enhancing the sentences of felons who fail to perform on parole, here probation, by committing additional felonies. (*Id.*, at p. 272.) We therefore conclude the trial court properly enhanced Whigam's sentence for a prior prison term under section 667.5, subdivision (b).

B

Whigam next contends his 10-year sentence violates section 1170.1, subdivision (g). With exceptions inapplicable here, that subdivision restricts the total term of imprisonment to twice the base term.[11] Here, since the base term is three years, Whigam asserts the enhancements may not exceed three years.

The Attorney General responds by referring us to article I, section 28, subdivision (f) of the California Constitution (section 28(f)), added by the electorate's approval of Proposition 8 effective June 9, 1982. Section 28(f) provides in part: "Any prior felony conviction of any person in any criminal proceeding, whether adult or juvenile, shall subsequently be used without limitation for purposes of impeachment or enhancement of sentence in any criminal proceeding." According to the People, the plain meaning of section 28(f), consistent with the intent of the electorate, was to abrogate the double-the-base-term limitation of section 1170.1, subdivision (g). We do not share that positivism. Although the electorate apparently intended to increase punishment for at least certain categories of criminal recidivists, it is unclear whether in doing so they intended to remove section 667, subdivision (a) from the application of section 1170.1, subdivision (g).

When the voters approved Proposition 8 amending the California Constitution to include section 28(f), they also approved the addition of section

---

[10] "Chutzpah" is defined: "n. Slang. Brazenness; gall. [Yiddish]." (American Heritage Dict. (1980) p. 242.)

[11] Section 1170.1, subdivision (g) provides: "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 unless the defendant stands convicted of a 'violent felony' as defined in subdivision (c) of Section 667.5, or a consecutive sentence is being imposed pursuant to subdivision (c) of this section, or an enhancement is imposed pursuant to Section 12022, 12022.5, 12022.6 or 12022.7 or the defendant stands convicted of felony escape from an institution in which he is lawfully confined."

667, subdivision (a) to the Penal Code. (See *Brosnahan* v. *Brown* (1982) 32 Cal.3d 236, 300 [186 Cal.Rptr. 30, 651 P.2d 274].) Upon examination, the provisions of those respective enactments are contradictory.

The Attorney General's premise is that section 28(f)'s reference to "any" prior felony conviction means exactly that. Thus, when "any" prior felony conviction is combined with the phrase "used without limitation for purposes of . . . enhancement of sentence," section 1170.1, subdivision (g) no longer exists as a sentencing consideration. If this intent is so clear we wonder why it is not expressly stated in the constitutional amendment itself. ■ The repeal of statutes by implication is not favored and there is a presumption against application of the doctrine of implied repeal. (*In re Thierry S.* (1977) 19 Cal.3d 727, 744 [139 Cal.Rptr. 708, 566 P.2d 610].) It would have been simple enough for the drafters of Proposition 8 to have stated they intended to eliminate the effect of section 1170.1, subdivision (g).

This omission becomes more significant upon further scrutiny. If section 28(f) is given the interpretation desired by the Attorney General, the "serious felony" limitation of section 667, subdivision (a) (see fn. 7, *ante*) becomes contradictory. Such an interpretation, of course, should be avoided. (See *People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104].) Under the Attorney General's approach, there would have been no need, indeed it would have been constitutionally improper, to limit the use of earlier felony convictions under section 667, subdivision (a) to only serious felonies if section 28(f) requires all felony convictions, serious or otherwise, to be used without limitation for enhancement purposes. If section 28(f) is given a literal meaning, the only lawful limitation would be on the term of an enhancement, not on the type of offense triggering the enhancement. Such an interpretation, however, contravenes the express categorical language of section 667, subdivision (a) which defines the type of prior felony to be used for enhancement purposes and determines the number of years which can be imposed. Thus, by limiting the use of earlier felonies in section 667, subdivision (a), the electorate qualified the broad language of section 28(f). ■ Where a general and specific provision on a particular subject are inconsistent, the latter must take precedence over the former. (See Code Civ. Proc., § 1859; *People* v. *Tanner* (1979) 24 Cal.3d 514, 521 [156 Cal.Rptr. 450, 596 P.2d 328]; *People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 637 [268 P.2d 723].)

■ Since the phrase "without limitation" in section 28(f) is qualified by the categorical language of section 667, subdivision (a), the voters' intent

as to the scope of the constitutional amendment becomes ambiguous. It is now unclear whether further limitations, such as that of section 1170.1, subdivision (g), may be imposed on the use of prior felony convictions. This ambiguity requires us to interpret section 28(f) in Whigam's favor (see *People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186]) by holding it does not abrogate the double-the-base-term limitation of section 1170.1, subdivision (g).

Our view that section 28(f) is ambiguous appears to have been shared by the Legislature. After Proposition 8 was approved, the Legislature enacted section 1170.95, subdivision (b) to render inapplicable the limitations of section 1170.1 to defendants convicted of at least two residential burglaries.[12] There would have been no need for this enactment had the Legislature believed section 28(f) permitted enhancements without any limitation for all prior felony convictions.

Our holding that section 1170.1, subdivision (g) survives the enactment of section 28(f) does not reduce the "used without limitation" language of section 28(f) to surplusage. Enhancements may still be "used without limitation" for the purpose of imposing sentence. The only limitation will occur in the service of sentence. Under our holding, trial courts may impose enhancements without limitation as required or allowed by law but must stay execution of the enhancements to the extent they cause the total sentence to exceed the double-the-base-term limitation of section 1170.1, subdivision (g). (See Cal. Rules of Court, rule 447.)

We also agree with Whigam's contention that in light of the ambiguity of the "without limitation" language, the trial court has the power under section 1385 to strike or stay the five-year enhancement under section 667, subdivision (a). (*People* v. *Olsaver\** (Cal.App.); *People* v. *Lopez* (1983) 147 Cal.App.3d 162, 164-165 [195 Cal.Rptr. 27].) The case therefore must be remanded to allow the court to decide whether to exercise its discretion under section 1385. (See *People* v. *Williams* (1981) 30 Cal.3d 470, 489-490, 492 [179 Cal.Rptr. 443, 637 P.2d 1029].) If the court decides not to exercise that discretion, it must then resentence Whigam in a manner consistent with section 1170.1, subdivision (g).

---

[12] Section 1170.95, subdivision (b) provides: "(b) Notwithstanding Section 1170.1, the term of imprisonment may exceed twice the number of years imposed by the trial court as the base term pursuant to subdivision (b) of Section 1170 if the defendant stands convicted of at least two residential burglaries."

*Reporter's Note: Hearing granted, September 13, 1984 (Crim. 23979).

*Disposition*

Judgment of convictions affirmed. The case is remanded for resentencing in a manner consistent with this opinion.

Cologne, Acting P. J., and Staniforth, J., concurred.