[No. D017481. Fourth Dist., Div. One. Dec. 14, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
FREDRICO YANEZ GONZALES, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts section and parts II through IV.

**COUNSEL**

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Kyle Niki Cox, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**TODD, J.**—A jury convicted Fredrico Yanez Gonzales of two counts of residential burglary. (Pen. Code,[2] §§ 459/460.) Gonzales subsequently admitted the truth of allegations concerning two serious prior felony convictions (§§ 667, subd. (a), 1192.7, subd. (c)(8)), as well as those concerning three prior prison terms (§ 667.5, subd. (b)), alleged in the amended information. The trial court then found true allegations concerning another serious prior felony conviction and another prior prison term. The trial court sentenced Gonzales to a total of twenty years in prison, imposing the upper term of six years for each of the residential burglary convictions to be served concurrently and, imposing two consecutive five-year enhancements for two serious prior felony convictions and four consecutive one-year enhancements for each of Gonzales's prior prison terms. Gonzales appeals, contending (1) two of the one-year enhancements for prior prison terms were imposed in violation of section 654 and must be stricken, (2) impeaching testimony by a detective was improperly admitted under Evidence Code section 1235, and (3) failure of a victim-witness to confirm her pretrial identification requires reversal. Gonzales also argues there was insufficient evidence to prove he was involved in the burglaries.

### FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

### I

Gonzales contends that in imposing two of the one-year prior prison term enhancements (§ 667.5, subd. (b)), the trial court violated section 654's prohibition against double punishment because they stemmed from the same offenses for which it imposed two 5-year enhancements for serious prior felony convictions under section 667, subdivision (a).

We need not reach the issue of whether section 654 applies to enhancements, because recently our Supreme Court resolved the issue in Gonzales's favor by construing section 667 and determining the legislative intent of that statute was to bar cumulative enhancements for the same prior felony. (*People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d

---

[2]All subsequent statutory references are to the Penal Code unless otherwise specified.
*See footnote, 1 *ante*, page 1607.

1163].)[3] Subdivision (b) of section 667 provides: "This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply." ■ The *Jones* court concluded: "[T]he most reasonable reading of subdivision (b) of section 667 is that when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply." (*Jones, supra,* 5 Cal.4th at p. 1150.) As an intermediate appellate court, we are bound to follow the precedent of our Supreme Court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

As to the one-year enhancement imposed for the prior prison term (§ 667.5) in case No. CRV-8015, it must be stricken under *Jones, supra,* 5 Cal.4th 1142, because the trial court also imposed a five-year enhancement for a prior serious felony conviction in case No. CRV-8015 pursuant to section 667, subdivision (a).

■ However, with respect to the other disputed one-year enhancement, this case presents a wrinkle to the *Jones* rule. Here, the other disputed one-year enhancement imposed for a prior prison term (§ 667.5) involved a concurrent prison sentence imposed for two separate crimes, one of which was a serious prior felony under section 667, subdivision (a). In the amended information, the third prior prison term allegation alleges Gonzales served a prior prison term for spousal abuse (§ 273.5, subd. (a)) in case No. CRN-10532 *and* for possession of a controlled substance in jail/prison (§ 4573.6) in case No. CRN-11200. In each of those cases, Gonzales was given a prison sentence, and the terms were ordered to run concurrently. Hence, only one prison sentence or term (§ 667.5) resulted from the two separate crimes. The trial court here also imposed a five-year enhancement for a serious prior felony conviction (§ 667, subd. (a)) for case No. CRN-10532. The question presented, therefore, is does *Jones* preclude the court from imposing a one-year enhancement under section 667.5 when the prior prison term is based *in part* on the same case that also is the basis for imposition of a serious prior felony conviction (§ 667, subd. (a)), and based *in part* on a separate, independent case? We conclude *Jones* does not preclude imposition of the section 667.5 one-year enhancement for the third prior prison term allegation. In 1986, Gonzales was sentenced in case No. CRN-10532 to prison; in 1986, the court imposed a concurrent prison term

---

[3]The majority in *Jones* skirted the section 654 issue, which has engendered a split among the Courts of Appeal. (5 Cal.4th at p. 1152, compare, e.g., *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633], with *People* v. *Hopkins* (1985) 167 Cal.App.3d 110, 117-118 [212 Cal.Rptr. 888].)

in case No. CRN-11200. Each of these cases therefore provides an independent basis for the third prior prison allegation alleged against Gonzales in the amended information. Each case involves a separate crime, which was committed separately and brought and tried separately. In other words, case No. CRN-11200 could serve as a sufficient basis in and of itself to support the third prior prison allegation against Gonzales in the amended information. Thus, under the circumstances presented here, imposition of a one-year enhancement for the third prior prison allegation, to which Gonzales admitted, does not result in Gonzales improperly suffering two enhancements for case No. CRN-10532. Neither *Jones* nor section 654 precludes imposition of the one-year enhancement for the third prior prison allegation.

II-IV*

. . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The case is remanded to the trial court with directions to strike the one-year enhancement imposed for the prior prison term in case No. CRV-8015 (first prior prison term allegation) under section 667.5, subdivision (b), and to send to the Department of Corrections a corrected abstract of judgment. In all other respects, the judgment is affirmed.

Work, Acting P. J., and Huffman, J., concurred.

---

*See footnote 1, *ante*, page 1607.