63 Cal.App.4th 744 (1998)
THE PEOPLE, Plaintiff and Respondent,
v.
PAUL J. JONES, Defendant and Appellant.
Docket No. B113433.
Court of Appeals of California, Second District, Division Four.
April 30, 1998.
*745 COUNSEL
Michaelyn Jones, under appointment by the Court of Appeal, for Defendant and Appellant.
Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne and Corey J. Robins, Deputy Attorneys General, for Plaintiff and Respondent.
OPINION
HASTINGS, J.
On April 23, 1996, appellant Paul J. Jones stole computer equipment from Madison Elementary School in Pasadena. A jury found him guilty of second degree commercial burglary, and the trial court found that he had previously been convicted in Los Angeles County of credit card theft in March of 1985 (case No. A567171), of two counts of burglary in February of 1986 (case No. A569904), of burglary in June of 1990 (case No. GA003888) and of petty theft with a prior in January of 1992 (case No. GA009552). Appellant was sentenced to prison for a term of ten years, consisting of an upper term of three years, doubled under the Three Strikes *746 law for a total of six years, plus four one-year enhancements pursuant to Penal Code section 667.5, subdivision (b).[1]
Appellant contends in this appeal that his sentence was improperly enhanced with four one-year enhancements because two of his prison terms were served concurrently. For reasons explained in this opinion, we modify appellant's sentence to strike one of the enhancements, leaving a total term of imprisonment of nine years, and direct the trial court to prepare and forward to the Department of Corrections an amended abstract of judgment reflecting this modification. In all other respect we affirm the judgment.

DISCUSSION
At the time of sentencing, the court struck one of appellant's "strike" priors in the interests of justice in order to sentence appellant as a second strike offender. The court then asked the prosecutor, "There are four separate state prison commitments, are there not?" The prosecutor replied, "Yes, Your Honor." Based on this representation, the court imposed four one-year enhancements pursuant to Penal Code section 667.5, subdivision (b). Appellant, who was representing himself, did not contradict the prosecutor or object to the enhancements.
(1) Appellant now contends that the court should have imposed only three one-year enhancements because he was not sentenced to prison in People v. Jones, supra, No. A567171 until he violated the terms of probation initially granted in that case by committing the crimes of which he was found guilty in case No. A569904. Then concurrent sentences were imposed in the two cases. Respondent does not dispute the factual basis of appellant's assertion. Respondent nonetheless counters that separate enhancements for the two concurrent terms were proper because the prison terms were imposed in one case upon violation of probation and in the other for a new offense.
We begin our review of this issue by considering the relevant statutory language. Penal Code section 667.5, subdivision (b) provides: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows: [¶] ... [¶] (b) [W]here the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony; provided that no additional *747 term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." (Italics added.) The limitation on this enhancement is reiterated in subdivision (e), which provides: "The additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison." (Italics added.) "Prior separate term" for purposes of section 667.5 means "a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, and including any reimprisonment after an escape from incarceration." (Pen. Code, § 667.5, subd. (g).)
Courts have consistently recognized that this statutory language means that only one enhancement is proper where concurrent sentences have been imposed in two or more prior felony cases. (See People v. Ruiz (1996) 44 Cal. App.4th 1653, 1669 [52 Cal. Rptr.2d 561] ["`The plain meaning of section 667.5, subdivision (g) is to prevent multiple one-year enhancements under section 667.5 itself where the offender has served one period of prison confinement, or block of time, for multiple offenses or convictions.'"]; In re Jones (1994) 27 Cal. App.4th 1032, 1038 [33 Cal. Rptr.2d 469] [one enhancement under Penal Code section 667.5 subd. (b) was appropriate where concurrent sentences were imposed for two prior burglary offenses]; People v. Gonzales (1993) 20 Cal. App.4th 1607, 1610 [25 Cal. Rptr.2d 305] [there was only one prior separate prison term under section 667.5 where the terms were ordered to run concurrently]; People v. Carr (1988) 204 Cal. App.3d 774, 779 [251 Cal. Rptr. 458] ["Section 667.5(g) provides that a defendant serves a single term in state prison notwithstanding that the term consists of several separate sentences attributable to different convictions." (Italics omitted.)]; People v. English (1981) 116 Cal. App.3d 361, 372 [172 Cal. Rptr. 122] [one-year enhancement proper where sentences on multiple prior convictions were served concurrently]; People v. Burke (1980) 102 Cal. App.3d 932, 942-944 [163 Cal. Rptr. 4] [one separate prior prison term served where concurrent sentences were imposed in two separate cases].) The parties have not cited, and our research has not revealed, any case in which this issue arose in the precise factual posture of this case, i.e., where one of the prior prison terms ordered to run concurrently was imposed upon a violation of probation and the other was for the crime which constituted the probation violation.
Appellant contends that regardless of the relationship between the two sentences, he served only one continuous block of time, i.e., one period of *748 imprisonment, and thus only one enhancement may result. Under the clear statutory definition of the phrase "prior separate term" and cases applying the limitation, this contention appears to be well taken. Respondent nonetheless argues that if appellant is not subject to two enhancements he will, in effect, be treated as though he had successfully completed his probation before he committed a new offense for which a prison term is imposed. Respondent contends such a holding will violate the legislative intent to deter recidivism.
Respondent cites In re Kelly (1983) 33 Cal.3d 267 [188 Cal. Rptr. 447, 655 P.2d 1282] and People v. Whigam (1984) 158 Cal. App.3d 1161 [205 Cal. Rptr. 227] (disapproved on grounds not relevant to this issue in People v. Poole (1985) 168 Cal. App.3d 516, 524, fn. 7 [214 Cal. Rptr. 502]). Neither case supports respondent's position. In Kelly, the defendant had been sentenced to prison five times for new offenses. "The first four times he was paroled, committed a new crime, had his parole revoked, and was committed concurrently on a new offense." (33 Cal.3d at p. 272.) Upon conviction of his fifth felony, the trial court imposed four 1-year enhancements pursuant to Penal Code section 667.5, subdivision (b). The defendant petitioned for relief in the California Supreme Court, arguing that he had not completed any "prior separate prison term" within the meaning of Penal Code section 667.5 because he had essentially been serving one continuous prison term. The California Supreme Court rejected this contention, holding that "a prisoner who is incarcerated on both a parole revocation and a new commitment is subject to an enhancement for the offense for which he was on parole." (33 Cal.3d at p. 270.)
At one point in its analysis the Kelly court stated: "A further absurdity would follow should we accept petitioner's theory: `[O]ne who faithfully obeyed the law while on parole and successfully served his or her parole without revocation would have "completed" his or her prior prison term and would be subject to an enhancement of sentence if subsequently convicted of a felony; whereas one who committed another felony while on parole and whose parole was revoked on that account would not be subject to an enhancement of sentence with respect to the subsequent conviction. One of the primary purposes for the enactment of the determinate sentencing law and the entire legislative purpose in providing for enhanced sentences on account of prior convictions was to increase the penalties incurred by repeat offenders and thus, hopefully, deter recidivism. It is inconceivable that the Legislature intended to provide harsher treatment for a felon who has faithfully and successfully served his or her parole than for a felon who has committed yet another felony while on parole.' [Citation.]" (33 Cal.3d at p. 272.) Respondent builds its argument on this language, contending that if *749 appellant is not subject to two enhancements, he will be treated as though he had successfully completed his probation and then committed a new offense for which a prison term is imposed. Respondent's argument has logical appeal, but it is an argument which should have been directed to the court which had the power to run appellant's sentences in People v. Jones, supra, Nos. A567171 and A569904 concurrently or consecutively. For purposes of this appeal, this case presents a significant factual distinction from Kelly. When the concurrent sentences in question were imposed, appellant had not yet been imprisoned for the case in which his probation was violated, whereas defendant Kelly had. Thus, there is nothing in Kelly which supports respondent's contention that the sentencing court in this case could have or should have considered the two concurrent sentences to be two prior separate prison terms for purposes of Penal Code section 667.5, subdivision (b).
Nor is People v. Whigam, supra, 158 Cal. App.3d 1161, instructive on the issue before us. In that case a prison sentence was enhanced pursuant to Penal Code section 667, subdivision (a)(1) for a prior robbery and pursuant to section 667.5, subdivision (b) for a prior conviction for receiving stolen property. In Whigam, as in this case, one of the crimes constituted a violation of the probation granted in the other and concurrent sentences were imposed. On appeal, the defendant contended Penal Code section 654 precluded enhancements under both sections because he served concurrent sentences for both cases. The reviewing court rejected this contention, reasoning that the two cases did not constitute one act or omission under Penal Code section 654. The court explained: "Whigam would not have gone to prison in 1981 had he not committed his new offense. Consequently, Whigam's `prior separate prison term' under section 667.5, subdivision (b) is attributable to his receiving stolen property offense, not to his 1980 robbery conviction." (158 Cal. App.3d at p. 1166.) The Whigam court added that the defendant "seems to be exercising the `Chutzpah' principle, asking for preferential treatment because he committed the offense of receiving stolen property while on probation for robbery." (Id. at p. 1167, fn. omitted.)
Respondent argues that similar reasoning applies in this case. We disagree. To accept respondent's interpretation would be to conclude that the recidivist effect of Penal Code section 667.5, subdivision (b) is based on the underlying conviction. It is not. (People v. Baird (1995) 12 Cal.4th 126, 132 [48 Cal. Rptr.2d 65, 906 P.2d 1220].) The Legislature intended that section 667.5, subdivision (b) "provide for additional punishment of a felon whose service of a prior prison term failed to deter future criminality." (People v. Coronado (1995) 12 Cal.4th 145, 153 [48 Cal. Rptr.2d 77, 906 P.2d 1232].) Appellant did not fall within that category when his concurrent sentence was imposed in People v. Jones, supra, Nos. A567171 and A569904. If the *750 sentencing court in this case had been informed that the sentences in the prior cases ran concurrently, we have no doubt but that it would have imposed, in conformity with the relevant statutory definition and case law, three, rather than four one-year enhancements.

DISPOSITION
For the foregoing reasons we modify the sentence imposed in this case to strike one of the enhancements imposed pursuant to Penal Code section 667.5, subdivision (b), leaving a total term of imprisonment of nine years. The trial court is directed to prepare an amended abstract of judgment reflecting this modification and forward it to the Department of Corrections. In all other respects, the judgment is affirmed.
Vogel (C.S.), P.J., and Epstein, J., concurred.
Respondent's petition for review by the Supreme Court was denied August 19, 1998.
NOTES
[1] The abstract of judgment failed to reflect the enhancements, and for this reason indicated that appellant's sentence was only six years. Since we direct the preparation of an amended abstract, this clerical error will also be corrected.