Filed 4/18/13  P. v. Hays CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B236411 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. YA077539) |
| MARCUS DESHONNE HAYS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Brandlin, Judge.  Reversed in part and remanded for further proceedings.

Allison H. Ting, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Marcus Deshonne Hays was convicted by a jury of two counts of second degree robbery and two counts of kidnapping with a special finding he had personally used a firearm to commit the offenses.[1] In a bifurcated proceeding the trial court found Hays had suffered two prior convictions in Georgia that qualified as serious felonies under California's "Three Strikes" law (Pen. Code, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i))[2] and section 667, subdivision (a)(1), and had served a separate prison term for a felony conviction within the meaning of section 667.5, subdivision (b). Hays was sentenced to an aggregate state prison term of 69 years four months to life.

On appeal Hays contends the trial court erred in finding one of the prior Georgia convictions (for armed robbery) constituted a serious felony under California law. Hays also contends he was improperly sentenced to both the one-year prior prison term enhancement and the five-year serious felony enhancement for convictions involving the same incident.[3] We reverse in part and remand for further proceedings.

## PROCEDURAL BACKGROUND

In addition to charging Hays with two counts of robbery and two counts of kidnapping, in an information filed March 15, 2011 the People alleged Hays had suffered

---

[1] According to the evidence at trial, on January 15, 2012 Hays and a confederate entered a check cashing store in Inglewood and took money, money orders and checks from the two proprietors at gunpoint. Hays does not challenge the sufficiency of the evidence to support the jury's convictions.

[2] Statutory references are to the Penal Code unless otherwise indicated.

[3] Pursuant to *People v. Mooc* (2001) 26 Cal.4th 1216, Hays has requested we examine the transcript of the in camera hearing conducted by the trial court and the documents it reviewed after the court determined he had demonstrated good cause to discover information in the personnel and administrative records of four deputy sheriffs pertaining to allegations of false reporting and planting of evidence. (See Evid. Code, §§ 1043, 1045; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.) We have reviewed the sealed record of the proceedings, which adequately describes the documents the court reviewed, and conclude the trial court satisfied the minimum requirements in determining whether there was discoverable information. No abuse of discretion occurred. (*Mooc*, at p. 1229.)

three prior serious felony convictions—one each for armed robbery, kidnapping and aggravated assault—all with a conviction date of July 28, 1998 in Fulton County, Georgia, and had served a prison term for those offenses as described in section 667.5, subdivision (b). At the bifurcated proceeding following Hays's conviction, the People introduced properly authenticated documents establishing Hays had, in fact, pleaded guilty to those offenses in 1998 and had been sentenced to concurrent terms of 20 years for each, 10 years of which were served in the Georgia state penitentiary.[4] No other information concerning the facts underlying the guilty pleas was proffered; a police report relating to the incident, which contained inadmissible hearsay, was presented to the court solely for its consideration in sentencing.

Following argument by counsel, the trial court found the Georgia convictions for armed robbery and aggravated assault to be true and qualified as prior serious felonies under the Three Strikes law and section 667, subdivision (a)(1).[5]

Hays was sentenced as a third strike offender to an aggregate state prison term of 69 years four months to life, calculated as 25 years to life for robbery (count 1), plus five years for the prior serious felony enhancement, plus 10 years for the firearm-use enhancement and one additional year for the prior prison term enhancement; and a consecutive term of 25 years to life for robbery (count 3) plus three years four months for

---

[4]     Hays was charged and pleaded guilty to a total of 10 counts arising from the 1997 incident in Georgia—three counts of armed robbery, three counts of kidnapping, three counts of aggravated assault and one count of burglary. For reasons not explained, however, the information in this case only alleged Hays had suffered three prior serious felony convictions.

The name Marcus Deshonne Hays does not appear in the various documents presented to prove the prior convictions. However, Hays does not dispute the convictions described are his.

[5]     The trial court found the Georgia kidnapping conviction had not been proved beyond a reasonable doubt; it was uncertain whether the crime was actually false imprisonment. The prosecutor acknowledged the Georgia burglary conviction, which was not identified in the information as a prior strike, did not constitute a serious felony because it was nonresidential.

3

the firearm-use enhancement. The court stayed sentence on the two kidnapping convictions (counts 2 and 4) pursuant to section 654.

## DISCUSSION

### 1. *The Trial Court Erred in Finding Hays's Georgia Conviction for Armed Robbery Constituted a Serious Felony Under California Law*

Robbery under California law is a serious felony within the meaning of both the Three Strikes law and section 667, subdivision (a)(1). Under section 211, "[r]obbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." An essential element of the crime is "the intent to permanently deprive the person of the property." (*People v. Marshall* (1997) 15 Cal.4th 1, 34; see *People v. McGee* (2006) 38 Cal.4th 682, 688.)

In Georgia armed robbery is committed when a person "with intent to commit theft, . . . takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." (Ga. Code Ann. § 16-8-41.) Although the statutory language is quite similar, Hays contends the trial court erred in finding his Georgia armed robbery conviction qualified as a serious felony for sentence enhancement purposes because the definition of the crime in Georgia is broader and may be committed with a different, and lesser, intent than required in California.

Section 667, subdivision (a)(1), provides for a five-year sentence enhancement for each prior conviction for "any offense committed in another jurisdiction which includes all of the elements of any serious felony" under California law when the current offense is also a serious felony. Under the Three Strikes law a prior conviction from another jurisdiction constitutes a strike if it is "for an offense that includes all of the elements of the particular felony as defined in subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§§ 667, subd. (d)(2), 1170.12, subd. (b)(2).) Thus, the out-of-state conviction "must involve conduct that would qualify as a serious felony in California." (*People v. Avery* (2002) 27 Cal.4th 49, 53.) "To make this determination, the court may

4

consider the entire record of the prior conviction as well as the elements of the crime." (*Ibid.*) If the record does not sufficiently reveal the facts of the prior offense, the court must presume the prior conviction was for the least offense punishable under the foreign law. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 261-262; see *People v. Trujillo* (2006) 40 Cal.4th 165, 180 ["in determining the nature of a prior conviction, the court may look to the entire record of conviction, '*but no further*'"].)

The People proved Hays's Georgia offenses with records showing the existence, date and statutory authority for his convictions. Hays does not challenge the trial court's finding his conviction for aggravated assault with a firearm is a serious felony under California law. With respect to the armed robbery conviction, however, other than the fact there were three victims and one of the principals used a firearm, there was no information about the crime. Nonetheless, the Georgia conviction may be deemed a serious felony if armed robbery in Georgia requires the same intent as robbery in California. (*People v. Myers* (1993) 5 Cal.4th 1193, 1199 [Under the "least adjudicated elements" test, "only the foreign jurisdiction's statutory or common law definition of the offense may be considered to determine if the offense would be a serious felony in California. Only the elements of the offense which must be proved to sustain a conviction of the offense, are considered in deciding if the offense 'includes all of the elements of the particular felony as defined under California law.'"].)

As discussed, the intent to permanently deprive the victim of his or her property is an element of robbery in California. In contrast, in Georgia a conviction for robbery is proper even if the defendant intends only to temporarily deprive the victim of property. (Ga. Code Ann. § 16-8-1 [to "deprive" is "(A) To withhold property of another permanently or temporarily; or [¶] (B) To dispose of the property so as to make it unlikely that the owner will recover it"].) For example, in *Smith v. State* (Ga. Ct. App. 1984) 323 S.E.2d 257, 258 the defendant admitted he entered another's premises to find a battery to start his car, stating he merely intended to use the battery, not to take it. In affirming the conviction the Georgia appellate court quoted Official Code of Georgia Annotated section 16-8-1, subdivision (A), to conclude that "'deprive'

5

means without justification" and "regardless of whether [the defendant] intended to take the battery and withhold it permanently, his intent to take it for his own temporary use without the owner's authorization evinces an intent to commit a theft." (*Smith*, at p. 258.) Hays maintains, because Georgia's definition of intent to deprive is therefore broader than California's, a robbery committed in Georgia may not be considered a robbery in California.

The California Supreme Court, however, has held the element of intent to "permanently[] deprive," as derived from the common law, is not inflexible or meant to be taken literally; it does not preclude temporary takings, depending on the circumstances. (*People v. Avery, supra,* 27 Cal.4th at pp. 55-56, 58) That is, "the intent to steal may be found even though the defendant's primary purpose in taking the property was not to deprive the owner permanently of possession." (*Id.* at p. 55.) Temporary takings that satisfy the intent element include instances in which the defendant intended to permanently appropriate the *value* of the stolen property by selling it back to its owner, claiming a reward for "finding" the property, returning the property to its owner for a "refund" or taking the property "for so extended a period as to deprive the owner of a major portion" of its use or enjoyment. (*Id.* at pp. 52, 55-56, 58.) The *Avery* Court also held a defendant satisfies the intent requirement by taking property with the intent to use it and then abandoning it in circumstances making it unlikely the owner will recover it. (*Id.* at p. 57.)

In sum, because proof of robbery in Georgia may be based on an intent to temporarily deprive the victim of his or her property, the least adjudicated elements of a Georgia armed robbery do not equate to robbery within the meaning of section 211. To be sure, the record of the out-of-state convictions may bridge any gap between statutory definitions. Thus, in *People v. Riel* (2000) 22 Cal.4th 1153, which involved two prior Washington state convictions for burglary, the defendant had admitted at the time of his pleas he had entered a store on each occasion and taken a bottle of liquor. (*Id.* at p. 1205.) On appeal the defendant argued, because the statutory definition of the requisite intent for theft in Washington was either to permanently or to temporarily

6

deprive, he may well have intended in his Washington burglaries only to temporarily deprive the stores of their property. (*Id.* at p. 1203.) The *Riel* Court concluded the record of the Washington convictions contained substantial evidence from which a reasonable trier of fact could find the defendant did not intend to take the liquor only temporarily. (*Id.* at p. 1205.) Although the defendant did not address his intent when pleading to the offenses, "[o]ne normally takes liquor to drink or otherwise to dispose of it, not merely to possess it temporarily." (*Id.* at p. 1206.) Here, unlike *Riel*, the sparse record does not contain sufficient underlying facts concerning the Georgia robbery to suggest the nature of Hays's intent. Thus, the finding this offense constituted a serious felony for sentencing purposes must be reversed.[6]

     2. *The Prior Strike and Prior Serious Felony Allegations May be Retried*

There is no double jeopardy bar to a retrial on a prior conviction allegation in a noncapital sentencing proceeding. (*People v. Barragan* (2004) 32 Cal.4th 236, 239 [retrial of strike allegation permissible when trier of fact found the allegation to be true

---

[6]    Hays's counsel filed a request for the court to dismiss prior strikes under section 1385 (a "*Romero* motion") on the same day the court conducted the bifurcated bench trial to determine whether the Georgia convictions constituted serious felonies within the meaning of the Three Strikes law and section 667, subdivision (a)(1). In that request his counsel stated in part, "Mr. Hays admitted culpability for an incident that occurred on October 24, 1997, in which two armed men entered Purple Dragon Studios located at 573 Dutch Valley Road in Atlanta, Georgia and demanded that the owner, Stanley Gaines, pay back money that he owed. . . . Two additional suspects entered the location and all four suspects began to unhook some sound equipment and began loading it into a U-haul Truck that was backed up to the rear door of the location." This description of the armed robbery is plainly inconsistent with a contention there was no intent to permanently deprive the victims of their property. Nonetheless, such post-plea statements by a defendant or his or her attorney are not part of the record of conviction and are inadmissible to prove the conviction was for a serious felony. (See *People v. Trujillo*, *supra,* 40 Cal.4th at p. 179 ["a defendant's statements, made after a defendant's plea of guilty has been accepted, that appear in a probation officer's report prepared after the guilty plea has been accepted are not part of the record of the prior conviction, because such statements do not 'reflect[] the facts of the offense for which the defendant was convicted'"]; *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1126-1127; *People v. Thoma* (2007) 150 Cal.App.4th 1096, 1101-1103.)

and appellate court reversed that finding for insufficient evidence]; *People v. Jenkins* (2006) 140 Cal.App.4th 805, 816 [finding on strike and § 667, subd. (a)(1), allegations based on out-of-state conviction reversed for insufficient evidence; "these allegations may be retired if the prosecutor obtains additional evidence regarding the Utah robberies to establish that appellant used force or fear against a person with a possessory interest in the property taken"]; see *People v. Cortez* (1999) 73 Cal.App.4th 276, 284.) Consequently we remand to permit the People at a new trial to present admissible evidence establishing the Georgia robbery conviction is a serious felony within the meaning of the Three Strikes law and section 667, subdivision (a)(1).[7]

3. *Imposition of the One-year Prior Prison Term Enhancement*

Whether Hays is ultimately sentenced as a second- or third-strike offender, the question remains whether it is permissible to add to his sentence a one-year prior prison term enhancement pursuant to section 667.5, subdivision (b), in addition to one or two five-year prior serious felony enhancements under section 667, subdivision (a)(1), when all of the offenses occurred during the same incident. Hays argues under *People v. Jones* (1993) 5 Cal.4th 1142 the court should strike the one-year prior prison term enhancement.

In *Jones* the defendant received both a five-year serious felony enhancement under section 667, subdivision (a)(1), and a one-year section 667.5, subdivision (b), prior prison term enhancement based on a single serious felony and resulting prison term. (*People v. Jones, supra*, 5 Cal.4th at p. 1145.) The Supreme Court concluded, when multiple statutory enhancements are available for the same prior offense, one of which is a section

---

[7]    If only the Georgia aggravated assault with a firearm conviction is a serious felony, Hays should be resentenced as a second strike offender with one five-year serious felony enhancement under section 667, subdivision (a)(1). If the People on remand prove the Georgia robbery conviction is also a serious felony, Hays should be resentenced as a third strike offender and each 25-year-to-life term imposed should be enhanced by a five-year serious felony enhancement under section 667, subdivision (a)(1). (*People v. Williams* (2004) 34 Cal.4th 397, 405 ["under the Three Strikes law, section 667, subd. (a) enhancements are to be applied individually to each count of a third strike sentence"]; accord, *People v. Misa* (2006) 140 Cal.App.4th 837, 846.)

667, subdivision (a), serious felony enhancement, only the greatest felony enhancement may be imposed.  Accordingly, the *Jones* Court held the one-year prior prison term enhancement should be stricken.  (*Jones*, at pp. 1150-1153.)

However, the *Jones* analysis does not apply and imposition of both a five-year serious felony enhancement and a one-year prior prison term enhancement is permissible when multiple prior offenses were committed and provide an independent basis for the separate enhancements—whether the separate offenses occurred on a single occasion and were tried together, as in *People v. Brandon* (1995) 32 Cal.App.4th 1033, or separately, as in *People v. Gonzales* (1993) 20 Cal.App.4th 1607, 1610-1611 and *People v. Solorzano* (2007) 153 Cal.App.4th 1026, 1040-1041.  Because Hays served a prior prison term for kidnapping/false imprisonment as a result of his plea in the Georgia case, imposition of the one-year prior prison term enhancement was proper whether or not the People establish on remand the armed robbery conviction was a serious felony under California law.

## DISPOSITION

The true findings as to the allegations that Hays's 1998 Georgia armed robbery conviction is a conviction for a serious felony within the meaning of the Three Strikes law and section 667, subdivision (a)(1), are reversed, and Hays's sentence is vacated.  In all other respects the judgment is affirmed.  The matter is remanded for further proceedings not inconsistent with this opinion.


                                        PERLUSS, P. J.


We concur:



        ZELON, J.                        JACKSON, J.


9