Filed 12/11/14  P. v. Madera CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAWRENCE MADERA,<br><br>    Defendant and Appellant. | H040922<br>(Santa Clara County<br> Super. Ct. No. C1245427) |

The issue in this case is whether the trial court was authorized to impose a prison prior enhancement (Pen. Code, § 667.5, subd. (a))[1] in addition to a prior serious felony enhancement (§ 667, subd. (a)) based on a single prior case in which there had been two convictions.  We conclude that, under the particular circumstances of this case, the trial court erred in imposing the prison prior enhancement.

## I.  Background

Defendant Lawrence Madera was charged by felony complaint with second degree robbery (§§ 211, 212.5, subd. (c)), and it was alleged that he had personally used a deadly or dangerous weapon in the commission of the robbery (§ 12022, subd. (b)(1)).  The

---

[1] Subsequent statutory references are to the Penal Code.

complaint further alleged that defendant previously had been convicted in Guam of two counts of "First Degree Sexual Conduct," the second of which was identified as "(Second Count)," in case No. "GM1055J" and that each of these two convictions qualified as a strike (§§ 667, subds. (b)-(i), 1170.12).[2] In addition, the complaint alleged a single section 667, subdivision (a) prior serious felony conviction based on a Guam "First Degree Sexual Conduct" conviction with the same case number without specification of which count. Finally, the complaint alleged a single section 667.5, subdivision (a) prison prior based on a Guam "First Degree Sexual Conduct" conviction with the same case number, again without specification of which count formed the basis for the allegation.

Defendant pleaded guilty to the robbery count, admitted the weapon allegation, and admitted the strike allegations, the serious felony allegation, and the prison prior allegation. When the court asked defendant if he admitted the serious felony and prison prior allegations, the court explicitly premised its inquiry by stating that the two allegations were "for the same conduct." The Guam prior convictions underlying these allegations were based on a single incident during which defendant sexually assaulted two women. He received an eight-year prison term for the Guam convictions in 2004 and was released on parole in 2010.

The court declined defendant's request that it strike the strikes. It imposed a 25 years to life term for the robbery count and stayed the punishment for the deadly weapon enhancement. With respect to the serious felony and prison prior enhancements, the prosecutor's position, with which the probation officer concurred, was that "People v. Jones does not apply" because "each count involved separate victims." The trial court imposed a five-year consecutive term for the section 667, subdivision (a) serious felony

---

[2] Although the complaint identified the Guam offenses as "Rape (First Degree Sexual Conduct)," the record reflects that the Guam offenses were sexual penetration offenses, not rape offenses.

enhancement and a three-year consecutive term for the section 667.5, subdivision (a) prison prior enhancement. Defendant timely filed a notice of appeal.

## II. Analysis

Defendant's sole contention on appeal is that the trial court's imposition of separate terms for the serious felony and prison prior enhancements was unauthorized because the two enhancements were based on the same conduct. The Attorney General concedes the issue.

In *People v. Jones* (1993) 5 Cal.4th 1142 (*Jones*), the defendant had served three prior prison terms for felony convictions, one of which was for a serious felony conviction. The trial court enhanced his sentence under both section 667, subdivision (a) and section 667.5, subdivision (b) based on the same prior serious felony conviction. (*Jones*, at pp. 1144-1146.) The defendant challenged the imposition of two enhancements based on the same prior conviction. The California Supreme Court concluded that the voters, who had enacted section 667, subdivision (a), did not intend for both enhancements to apply based on a single prior offense. "[W]hen multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, the greatest enhancement, but only that one, will apply. [¶] Any other reading of the subdivision would lead to peculiar results. If a prior felony is 'violent' enough to qualify for an enhancement under section 667.5, it will a fortiori be noxious enough to qualify as 'serious' under subdivision (a) of section 667, and will almost always have resulted in a prison term. The result is that five-year enhancements will become eight-year enhancements in all but a very few cases. [Citations.] If the drafters of Proposition 8 meant to confer eight-year enhancements on those who previously committed serious felonies, rather than five-year enhancements, they could have done so by repealing section 667.5 and providing for the longer enhancement in section 667." (*Jones*, at p. 1150.)

3

Although the Attorney General relies solely on *Jones* to support her concession, defendant points out that the facts here are not identical to those in *Jones*. In *Jones*, a *single prior conviction* underlay both the section 667, subdivision (a) enhancement and the section 667.5, subdivision (b) enhancement. Here, the two enhancements are founded on a *single prior case*, but that case produced *two prior convictions*, though only one prison term. Despite this difference, we accept the Attorney General's concession under the particular circumstances of this case.

A section 667, subdivision (a) enhancement applies to a prior serious felony conviction only where the prior conviction was suffered "on charges brought and tried separately." Hence, the Guam convictions could be responsible for only one section 667, subdivision (a) enhancement. Similarly, a section 667.5, subdivision (a) enhancement applies only where a "prior separate prison term [was] served" for a violent felony conviction. Defendant served only one prison term for the Guam convictions, so those convictions and prison term could be responsible for only one section 667.5, subdivision (a) enhancement.

It is not inconceivable that the prosecutor *could have* attempted to base the section 667, subdivision (a) enhancement on one of the Guam convictions and the section 667.5, subdivision (a) enhancement on the other Guam conviction. (See *People v. Wiley* (1994) 25 Cal.App.4th 159, 164 [*Jones* did not preclude imposition of section 667, subdivision (a) enhancement based on two of three burglary counts and imposition of section 667.5, subdivision (b) enhancement based on third burglary count where all three burglary counts had been charged in a single information and concurrent prison terms were imposed]; *People v. Brandon* (1995) 32 Cal.App.4th 1033, 1055 ["splitting the priors" can support both enhancements]; *People v. Gonzales* (1993) 20 Cal.App.4th 1607, 1611 [both enhancements may be imposed where prior convictions were brought and tried separately but sentenced together]; see also *People v. Medina* (1988) 206 Cal.App.3d 986, 992.) However, in this case, the complaint did not purport to base the

4

two enhancements on different convictions, and defendant admitted the allegations as charged and with the trial court's explicit proviso that both enhancements were "for the same conduct."  Under these circumstances, we conclude that *Jones* applies, and the trial court erred in imposing the section 667.5, subdivision (a) enhancement.

### III.  Disposition

The judgment is hereby modified to strike the section 667.5, subdivision (a) enhancement.  The trial court is directed to prepare an amended abstract of judgment reflecting this modification and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

_____

Mihara, J.

WE CONCUR:

_____

Bamattre-Manoukian, Acting P. J.

_____

Grover, J.